IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARRY LEE KELLER,                    :
                Plaintiff,       :        1:15-cv-1225
                                  :
    v.                               :        Hon. John E. Jones III
                                  :
CHRISTOPHER BLAUSER, *et al.*,       :
                Defendants.      :

## MEMORANDUM

**July 14, 2015**

    Plaintiff Barry Lee Keller ("Plaintiff"), a state inmate presently incarcerated at the York County Prison, York, Pennsylvania, filed this civil rights complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 on June 22, 2015. Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). Preliminary review of the complaint reveals that because he includes unrelated claims, allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, Plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

## I.    Standards

    "Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and

direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986).

## II.   <u>Discussion</u>

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20.  He sets forth a claim of deliberate indifference to medical treatment.  (Doc. 1).  The claim lodged against three separate defendants includes separate unrelated transactions and occurrences and does not involve an issue of law or fact common to all defendants.  One of the named defendants is a police officer who allegedly denied him medical treatment on the night of his arrest.  (Doc. 1, p. 2).  The other two defendants are medical providers who allegedly delayed him medical

treatment while he was incarcerated at the Berks County Prison.  (*Id.* at p. 3).

While plaintiff will be granted an opportunity to file an amended complaint, he is

strictly cautioned that the amended complaint must comply with Rule 20 and

involve only related claims or parties.  "It must be a new pleading which stands by

itself as an adequate complaint without reference to the complaint already filed."

*Young v. Keohane*, 809 F. Supp. 1185 (M.D.Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially

changed the judicial treatment of civil rights actions by state and federal prisoners,

also compels compliance with Rule 20.  Specifically, under the PLRA the full

filing fee must ultimately be paid in a non-habeas action.  Allowing a prisoner to

include a plethora of separate, independent claims, would circumvent the filing fee

requirements of the PLRA.

## III.   Conclusion

Although Plaintiff's complaint violates Federal Rules of Civil Procedure 8

and 20, he will be afforded the opportunity to amend his complaint.  To the extent

that he believes that he has been subjected to more than one violation of his rights,

and to the extent that these violations are unrelated to each other, in that one

occurred during the course of his arrest, and the other occurred while incarcerated,

Plaintiff is directed to file separate complaints addressing each violation.

An appropriate Order will issue.